#6207172

IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONA MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cv-6766 |
| | ) | |
| MID-CENTRAL CARRIER, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**

Defendant, Mid Central Carrier, Inc. (hereinafter "MCCI"), by and through its attorneys, Shimon B. Kahan of Haynes, Studnicka, Kahan & Poulakidas, LLC, pursuant to 28 U.S.C. §1332, §1441, and §1446, submits its Notice of Removal of this case from the Circuit Court of Cook County, IL to the Eastern Division of the United States District Court for the Northern District of Illinois. In support of this Notice of Removal, Defendant states as follows:

1. This case arises out of a motor vehicle accident that occurred on September 13, 2017 on I-94 near 35th St in Chicago, Cook County, Illinois.

2. Plaintiff Dona Martin filed suit on August 26, 2019 in the Circuit Court of Cook County, IL; in that complaint, she named two defendants, MCCI and Ray. See Complaint, Ex A.

**JURISDICTION – DIVERSITY**

3. In his complaint, plaintiff alleges that she is an Illinois resident. Based upon information and belief, plaintiff is a citizen of and domiciled in Illinois.

4. Based upon information and belief, Benjamin Lamar Ray is a citizen of and domiciled in Alabama; he is not a citizen of or domiciled in Illinois. Based upon information and belief, he has not been served with summons.

5. Based upon information and belief, MCCI is a corporate citizen of Alabama, which is where MCCI is incorporated and has its principal place of business in Cullmann, AL.

**Amount in Controversy**

6. As of October 1, 2019, plaintiff's medical specials total in excess of $20,000 and, plaintiff claims to have ongoing medical issues and is not having surgery because of her age.

7. In her Complaint, Plaintiff alleges in paragraph 10 to have sustained "permanent injury" with economic and non-economic damages. Exhibit A, Complaint. Plaintiff further claims to have emotional injury.

8. All that is required for removal based on diversity of jurisdiction is a "reasonable probability" that more than $75,000 is in controversy. *See Rising-Moore v. Red Roof Inns, Inc.*, 735 F. 3d 813, 815 (7th Cir. 2006).

9. Defendant MCCI was not served with summons; however, it became aware of the suit after October 16, 2019.

10. For the foregoing reasons, this is an action where the United States District Court for the Northern District of Illinois has original jurisdiction, pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds a value of $75,000, exclusive of costs and interests, and Plaintiff and Defendants are domiciled citizens of different states.

11. Diversity of jurisdiction exists, and this lawsuit is removed pursuant to 28 U.S.C. §1441 and §1446.

12. This Notice of Removal is timely filed by Defendant within the timeframe allotted by this Court pursuant to 28 U.S.C. §1446(b).

13. Plaintiff's counsel has been or will be served with this Notice of Removal in accordance with the Federal Rules of Civil Procedure.

14. Defendants will provide a copy of the court file from the Circuit Court of Cook County to the Judge and Magistrate after assignment.

15. Defendant has demanded a jury trial.

WHEREFORE, Defendants, pursuant to 28 U.S.C. §1441, remove this action from the Circuit Court of Cook County, Illinois to this Court for further proceedings.

Defendants demand trial by jury.


By Attorney for MCCI
Shimon B. Kahan
Haynes, Studnicka, Kahan & Poulakidas, LLC
200 W. Adams St., Ste. 2175
Chicago, IL 60606
skahan@hskolaw.com
/s/ Shimon B. Kahan