3937.sbk

IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONA MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cv-6766 |
| | ) | |
| MID-CENTRAL CARRIER, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF MID CENTRAL CARRIERS, INC.**

Defendant, Mid Central Carrier, Inc ("MCCI"), answers the plaintiff's complaint as follows:

<u>**COUNTS I**</u>
<u>**Negligence Claim v "Mid Central"**</u>

1. Because Plaintiff has not been able to conduct discovery, Plaintiff pleads certain matters in the alternative pursuant to 735 ILCS 5/2-613(b).

    **ANSWER:** Defendant denies the allegations of paragraph 1.

2. Plaintiff is an Illinois resident.

    **ANSWER:** Defendant admits the allegations of paragraph 2.

3. On September 13, 2017, Defendant "Mid Central" was a corporation doing busines in Cook County, Illinois.

    **ANSWER:** Defendant admits the allegations of paragraph 3.

4. On September 13, 2017, "RAY" was an employee of "Mid Central".

    **ANSWER:** Defendant admits the allegations of paragraph 4 insofar as members of the public but denies it as to Mid Central Carrier, Inc.

5. On September 13, 2017, "RAY" was an agent of "Mid Central", and/or was authorzed to transact business on behalf of "Mid Central".

    **ANSWER:** Defendant admits the allegations of paragraph 5 in Ray's limited capacity as a truck driver and denies any other allegations or implications of paragraph 5.

6. On Setember 13, 2017, "RAY" was driving a commercial vehicle on behalf of "Mid Central", and driving northbound on Interstate-94, near the South 35th Street exit in Chicago, Cook County, Illinois.

    **ANSWER:** Defendant admits the allegations of paragraph 6.

7. At the same time, Plaintiff was driving a vehicle northbound on Interstate-94, near the South 35th Street exit in Chicago, Cook County, Illinois.

    **ANSWER:** Defendant admits the allegations of paragraph 7.

8. Defendant "Mid Central", as a common carrier, had a duty to exercise the highest degree of care for the safety of Plaintiff.

    **ANSWER:** Defendant denies the allegations of paragraph 8.

9. Defendant "Mid Central", by its agent "RAY" negligently breached its duties by:

    a) Driving its vehicle at an excessive speed, in violation of Section 11-601 of the Illinois Vehicle Code;

    b) Failing to keep its vehicle within its lane of travel, in violation of Section 11-709 of the Illinois Vehicle Code;

    c) Attempting to overtake Plaintiff's vehicle when such maneuver could not be made without endangering the safety of Plaintiff, in violation of Article VII of the Illinois Vehicle Code;

    d) Failing to keep its vehicle under proper control;

    e) Failing to keep a proper lookout;

    f) Failing to stop its vehicle, and/or change the speed or direction of its vehicle, to avoid colliding with Plaintiff's vehicle

    g) Failing to yield the right of way;

    h) Failing to comply with Motor Carrier Safety regulations

**ANSWER:** Defendant denies the allegations of paragraph 9 including the allegations of subparagraphs a – h.

10. As a proximate result of one or more of the negligent acts or omissions described in paragraph 9, the vehicle driven by "RAY" collided with Plaintiff's vehicle, causing severe and permanent injury to Plaintiff, who has incurred economic and non-economic damages as a result.

    **ANSWER:** This defendant denies the allegations of Paragraph 10.

11. As a proximate result of one or more of the negligent acts or omissions described in paragraph 9, the vehicle driven by "RAY" collided with Plaintiff's vehicle, causing property damage to Plaintiff's vehicle, thereby rendering it unusable and causing Plaintiff to incur expenses for another vehicle.

    **ANSWER:** This defendant denies the allegations of Paragraph 11.

12. Defendant "Mid Central" is vicariously liable for the negligence of "RAY".

    **ANSWER:** Defendant admits it is vicariously liable for any damages proximately caused by the actions or omissions of Mr. Ray at the time of the incident; it denies any other liability and denies it has any liability. It denies plaintiff is entitled to an amount in excess of $50,000 or any other amount whatsoever.

    Defendant demands trial by jury.

**Count II**
**Negligence Claim v "Ray"**

13. Plaintiff restates paragraphs 1 through 7 as Paragraph 13 of the Complaint.

14. Defendant "RAY" had a duty to exercise ordinary care for Plaintiff's safety.

15. Defendant "RAY" negligently breached its duties by:

    a) Driving its vehicle at an excessive speed, in violation of Section 11-601 of the Illinois Vehicle Code;

    b) Failing to keep its vehicle within its lane of travel, in violation of Section 11-709 of the Illinois Vehicle Code;

3

    c) Attempting to overtake Plaintiff's vehicle when such maneuver could not be made without endangering the safety of Plaintiff, in violation of Article VII of the Illinois Vehicle Code;

    d) Failing to keep its vehicle under proper control;

    e) Failing to keep a proper lookout;

    f) Failing to stop its vehicle, and/or change the speed or direction of its vehicle, to avoid colliding with Plaintiff's vehicle

    g) Failing to yield the right of way;

    h) Failing to comply with Motor Carrier Safety regulations

16. As a proximate result of one or more of the negligent acts or omissions described in paragraph 15, the vehicle driven by "RAY" collided with Plaintiff's vehicle, causing severe and permanent injury to Plaintiff, who has incurred economic and non-economic damages as a result.

17. As a proximate result of one or more of the negligent acts or omissions described in paragraph 15, the vehicle driven by "RAY" collided with Plaintiff's vehicle, causing property damage to Plaintiff's vehicle, thereby rendering it unusable and causing Plaintiff to incur expenses for another vehicle.

    **ANSWER:** Because this count seeks no relief from this defendant, this defendant states no answer to the allegations of count II.

### Defendants' First Affirmative Defense

1. At all times relevant, Plaintiff, Dona Martin, was engaged in driving a vehicle at and around the accident area in the City of Chicago, County of Cook, State of Illinois.

2. At the times relevant hereto, Plaintiff, Dona Martin, had a duty to be free from negligence.

4

3. Plaintiff, Dona Martin, violated her duty so that as a direct and proximate result thereof, the vehicle driven by Plaintiff came into contact with the vehicle operated by defendants.

4. At the aforementioned date, time, and place, Plaintiff was then and there guilty of one or more of the following negligent acts or omissions:

    (a) Changed lanes when it was not safe and reasonable to do so;

    (b) Failed to keep a proper lookout for other vehicles in and about the area;

    (c) Failed to maintain proper control over said automobile at all times;

    (d) Failed to yield the right of way;

    (e) Failed to maintain her lane of travel;

    (f) Drove into defendants' lane of travel;

    (g) Operated, managed, maintained, and controlled said automobile so that as a direct and proximate result thereof, she came into contact with another vehicle.

5. As a direct and proximate result of the Plaintiff's negligent acts or omissions, Plaintiff, Dona Martin, struck defendant's vehicle and was injured.

WHEREFORE, in the event that the trier of fact finds that the sole proximate cause of the accident and Plaintiff's injuries were caused by Plaintiff, that judgment be entered in favor of the Defendant and against Plaintiff.

WHEREFORE, in the event the trier of fact finds the fault of Plaintiff is greater than 50% of the total fault allocated among all tortfeasors found to have proximately contributed to cause the accident, that judgment be entered in favor of the Defendant and against Plaintiff.

WHEREFORE, in the event the trier of fact finds that the fault of Plaintiff is less than 50% of the total fault of all entities causing or contributing to cause said injuries and damages, that said verdict be reduced in the amount commensurate with Plaintiff's allocated percentage of fault.

The Defendant demands trial by jury.


                                                  Respectfully submitted,


                                                  */s/ Shimon B. Kahan*_____
                                                  By:  Shimon B. Kahan


Haynes, Studnicka, Kahan & Poulakidas, LLC
Attorneys for Defendant
200 West Adams Street, Suite 2175
Chicago, IL  60606
312-676-7060
skahan@hskolaw.com
/s/ Shimon B. Kahan